IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM JOSPEH ALBERSTADT, ) | |
| ) | |
| Petitioner ) | Case No. 1:19-cv-00152 |
| ) | |
| vs. ) | |
| ) | RICHARD A. LANZILLO |
| SUPERINTENDENT MARK CAPOZZA, ) | UNITED STATES MAGISTRATE JUDGE |
| JOSHUA SHAPIRO, *Attorney General of* ) | |
| *the State of Pennsylvania*, DISTRICT ) | MEMORANDUM ORDER |
| ATTORNEY OF ERIE COUNTY ) | ON PETITION FOR WRIT OF |
| PENNSYLVANIA, ) | HABEAS CORPUS (ECF No. 1) |
| ) | |
| Respondents ) | |

MEMORANDUM ORDER

Before the Court is a petition for a writ of habeas corpus filed by William Joseph Alberstadt pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). ECF No. 1.[1] Upon review of the petition, and it appearing to the Court that all of Alberstadt's claims are subject to dismissal under AEDPA's one-year statute of limitations, the Court provided the parties with the opportunity to set forth their positions regarding the statute of limitations, directing that Alberstadt in particular had to show cause why his claims should not be dismissed for failure to meet the statutory deadline. ECF No. 19. The Court specifically noted that, unless Alberstadt could demonstrate that AEDPA's limitation period commenced for any of his claims on a date set forth in § 2244(d)(1)(B)-(D) and/or that equitable tolling applied during the relevant time period, this Court would dismiss the claims. *Id.* at 5-6.

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge.

Alberstadt has filed a "Motion to Show Cause" in response to this Court's Order. ECF No. 24. Therein, he appears to assert that he is entitled to equitable tolling of the relevant statute of limitations. As this Court explained in its prior order, a petitioner is entitled to equitable tolling only if he shows both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010).

Alberstadt asserts that he has been pursuing his rights diligently but that he was thwarted by his counsel's inaction. Specifically, Alberstadt states that his counsel visited him in prison in December of 2017, apologized for having failed to file an appeal to the Pennsylvania Supreme Court, and told him, "I will get you out of here next year," as he shook hands with Alberstadt. ECF No. 24 ¶ 10. From his counsel's statement, Alberstadt "felt comfortable knowing that his counsel would be filing a timely federal habeas corpus after all state remedies [were] exhausted." *Id.* However, he never heard from counsel again and ultimately commissioned the help of a "jailhouse lawyer" to help him. *Id.*

The Court need not analyze whether Alberstadt's assertion is sufficient to merit equitable tolling. Even assuming *arguendo* that Alberstadt's reliance on his counsel's December 2017 promise to "get" him "out" "next year," indeed equitably tolled the statute of limitations through all of 2018, *i.e.*, the aforementioned "next year," the instant petition would still be untimely.

As this Court explained in its prior order, Alberstadt's judgment of sentence became final on or about September 24, 2014. ECF No. 19 at 4. The one-year statute of limitations began to run on that date. *Id.* By the time Alberstadt filed his first PCRA petition on August 7, 2015, which event first tolled the limitations period, 317 days of the one-year period had expired. *Id.* at 5. Even if the Court were to extend that period of tolling through December 31, 2018, for equitable tolling

purposes, when the statute of limitations began to run again on January 1, 2019, there would have been only 48 days remaining in the limitations period. Alberstadt filed the instant petition on May 24, 2019, 143 days later. ECF No. 1. Thus, it would still have been untimely.

Because Alberstadt has failed to show cause why his claims should not be dismissed for failure to meet the statutory deadline, the petition will be dismissed as untimely for the reasons set forth herein and in this Court's Memorandum and Show Cause Order, ECF No. 19.

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from … the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a certificate of appealability should not issue unless the petitioner shows, at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether the petition should be denied as untimely. Accordingly, the Court will not issue a certificate of appealability.

AND NOW, this 19th day of March, 2021, IT IS HEREBY ORDERED that Petitioner William Joseph Alberstadt's petition for a writ of habeas corpus is DISMISSED with prejudice

and a certificate of appealability is DENIED.  Petitioner's Motion to Show Cause (ECF No. 24) is DENIED as moot.  The Clerk of Court is directed to mark this case CLOSED as of this date.

                                                RICHARD A. LANZILLO
                                                United States Magistrate Judge